UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN RAMON AGUILAR,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant.

Case No.  2:24-cv-3238-WBS-JDP (SS)

FINDINGS & RECOMMENDATIONS

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  Both parties have moved for summary judgment.  ECF Nos. 10 & 14.  For the reasons discussed below, I recommend that plaintiff's motion be granted, the Commissioner's be denied, and the matter remanded for further proceedings.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion."  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

1

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 703 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

## Background

On September 28, 2021, plaintiff filed an application for SSI, alleging disability beginning on September 28, 2021. Administrative Record ("AR") 45, 212-21. After his application was denied both initially and upon reconsideration, plaintiff testified at a hearing before an Administrative Law Judge ("ALJ"). AR 40-62, 126-31, 135-40. On May 6, 2024, the ALJ issued a decision finding that plaintiff was not disabled. AR 17-34. Specifically, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since September 21 [sic], 2021, the application date.

* * *

2. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine with spondylosis, spondylolisthesis, and radiculopathy; degenerative disc disease of the cervical spine; obesity; chronic pain syndrome; depressive disorder; bipolar II disorder; post-traumatic stress disorder (PTSD); somatic symptom disorder; social anxiety disorder; and panic disorder.

* * *

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

* * *

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work, as defined in 20 CFR 416.967(b), except that he can occasionally kneel, couch, stoop, balance, and crawl, as defined in the Selected Characteristics of the D.O.T., and can occasionally climb stairs and ramps. He can never climb ladders, ropes, and scaffolds, and can never be exposed to unprotected heights and moving mechanical parts. He requires a cane to ambulate. He can tolerate occasional exposure to extreme cold and vibration. In addition, he can understand, carry-out, and remember simple instructions, and use judgment to make simple work-related decisions. He can occasionally interact with supervisors and co-workers, and can never interact with the public. He can deal with occasional changes in a routine work setting.

* * *

5. The claimant is unable to perform any past relevant work.

* * *

6. The claimant was born [in] 1976 and was 45 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

7. The claimant has at least a high school education.

8. Transferability of job skills is not an issue because the claimant's past relevant work is unskilled.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant

3

numbers in the national economy that the claimant can perform.

* * *

10. The claimant has not been under a disability, as defined in the Social Security Act, since September 21 [sic], 2021, the date the application was filed.

AR 19-34 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request. AR 1-6. He now seeks judicial review under 42 U.S.C. § 405(g).

**Analysis**

Plaintiff raises five arguments. First, he contends that the ALJ erred in concluding that his mental impairment did not meet Listings for depressive disorder, bipolar disorder, and anxiety disorder. ECF No. 10 at 18-23. Second, he argues that the ALJ improperly rejected the opinions of four physicians. Third, he claims that the ALJ erred in rejecting his testimony about the severity of his limitations. Fourth, he contends that the ALJ's RFC determination is not supported by substantial evidence. Finally, he argues that the ALJ impermissibly relied on the Vocational Expert's testimony to conclude that there were jobs in the national economy that he could perform. *Id.* at 42-43. I find plaintiff's third argument, that the ALJ did not provide sufficient reasons for rejecting his testimony, persuasive. Because this error warrants remand, I decline to address plaintiff's remaining arguments.

In the Ninth Circuit, courts follow a "two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "'First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). If the claimant meets this requirement, and there is no evidence of malingering, the ALJ can reject his symptom testimony only by offering specific, clear, and convincing reasons for doing so. *Id.* "This is not an easy requirement to meet: the clear and convincing standard is the

4

most demanding required in Social Security cases." *Id.*  The ALJ's reasons must also be supported by substantial evidence in the record.  *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

At the hearing, plaintiff testified that he experiences lower back pain that extends down his legs.  AR 47.  He claimed that he has constant numbness in his lower and upper extremities, and that he experiences pain throughout his neck and back.  *Id.*  He reported that on good days, he takes his medications in the morning, but he is unable to get out of bed until they take effect.  AR 47-48.  He stated that on bad days, which typically occur about three times a week, he does not get out of bed due to his depression.  He testified that he has anxiety when leaving his home, which he attributed to being around other people.  AR 48.  He reported experiencing panic attacks, difficulty sleeping, and memory and concentration problems.  He uses a cane for ambulation, is only able to stand for fifteen to twenty minutes before needing to sit down, and can lift up to ten to fifteen pounds.  AR 51-52.

In a functional report, plaintiff stated that his ability to sit, stand, and walk is limited due to his back pain and numbness; his anxiety and depression would likely impair his ability to be consistent with attendance; and his ability to lift and carry items is restricted due to back pain and use of cane while walking.  AR 273.  He also reported difficulty following oral instructions, and that he can only pay attention for three to five minutes before his mind starts to wonder.  AR 278.  He is able to prepare simple meals and manage his personal care, although he also stated that he does not shower as often as he should and that some days he does not change clothes.  AR 274.

After summarizing plaintiff's testimony, the ALJ found that plaintiff's "allegations concerning the intensity, persistence, and limiting effects of her symptoms are not consistent with the objective evidence of record."  *Id.* at 24.  This boilerplate statement—one consistently used by ALJs—is followed by a summary of the medical evidence of record, running from August 2009 to March 2024.  In discussing this evidence, the ALJ did not explain how these records undermined any of plaintiff's subjective complaint.  Instead, the ALJ's lengthy summary of the medical records is followed by the following explanation of how he evaluated plaintiff's allegations:

> As for the claimant's statements about the intensity, persistence, and limiting effects of his symptoms, they are inconsistent.  He alleged

significant exertional limitations; however, during the medical consultative exam, he had 5/5 strength in his bilateral upper and lower extremities, including grip and pincher.  He reported that he was self-employed "online."  He also reported that he lived alone and was independent with his activities of daily living.  He received minimal treatment for his back.  The only visits in the record for his back pain are with pain management and physical therapy.  In October 2023, his physical therapist noted that he was doing well, and that he had not returned calls to schedule appointments.  Regarding his mental health, his condition remained mostly stable with medications.  During mental status exams with psychiatry, he was engaged and cooperative.  His insight, judgment, and memory were fair.  His attention and concentration were intact.  He was oriented to person, place, time, and situation.  His intelligence was average.  During the June 2022 psychiatric consultative exam, he had fair grooming and hygiene.  He was alert and oriented to person, place, time, and situation.  He could recall 4/4 objects immediately and 2/4 after 5 minutes.  His recent and remote memory were mostly intact.  His fund of knowledge was within normal limits.  His intelligence was average.  He could make change accurately and do simple math.  He could do 2 of 3 serial sevens.  His concentration was fair.

AR 27.

This explanation amounts to little more than a second, condensed summary of plaintiff's medical records and does constitute a specific, clear, and convincing reason for discounting plaintiff's subject complaint.  Critically, the ALJ does not identify the testimony that purportedly conflicted with this evidence.  In fact, the ALJ does not even identify the testimony that he found to be not credible.  *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) ( "We cannot review whether the ALJ provided specific, clear, and convincing reasons for rejecting [Lambert's] pain testimony where, as here, the ALJ never identified which testimony she found not credible, and never explained which evidence contradicted that testimony."); *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1102-03 (9th Cir. 2014) ("The ALJ must identify the testimony that was not credible, and specify 'what evidence undermines the claimant's complaints.'") (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)).

In an effort to address the shortcomings in the ALJ's decision, the Commissioner's motion highlights evidence in the record that is ostensibly inconsistent with plaintiff's alleged limitations.

For instance, the Commissioner contends that the ALJ properly rejected plaintiff statement that he can only stand for fifteen to twenty minutes based on exam findings that showed plaintiff had full strength in his arms and legs observes that while, exam findings.

The ALJ, however, never identified this inconsistency, or any other one, as a basis for his adverse credibility determination.  Because this court's review is limited to the rationale provided by the ALJ, the Commissioner's post-hoc rationalizations cannot salvage the ALJ's failure to provide clear and specific reasons for rejecting plaintiff's subjective complaints.  *See Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."); *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) ("Although the inconsistencies identified by the district court could be reasonable inferences drawn from the ALJ's summary of the evidence, the credibility determination is exclusively the ALJ's to make, and we are constrained to review the reasons the ALJ asserts.") (citations and modifications omitted).

Based on the foregoing, the court finds that the ALJ erred by rejecting plaintiff's testimony absent clear and convincing reasons.  Accordingly, the matter should be remanded for further proceedings.  *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted); *Treichler*, 775 F.3d at 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Accordingly, it is hereby RECOMMENDED that:

1.  Plaintiff's motion for summary judgment, ECF No. 10, be GRANTED.

2.  The Commissioner's cross-motion for summary judgment, ECF No. 14, be DENIED.

3.  The matter be remanded for further proceedings consistent with the court's order.

4.  The Clerk of Court be directed to enter judgment in plaintiff's favor and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of

7

service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See* *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    March 13, 2026    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE